UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYLVESTER SELAM,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. CV-09-3119-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on January 21, 2011 (Ct. Rec. 23, 25). Attorney Cory J. Brandt represents plaintiff. Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 25**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 23).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) in October 2006, alleging an amended disability onset date of January 1, 2006 (Tr. 121-123, 124-127).

The applications were denied initially and on reconsideration (Tr. 74-81, 89-93).

At a hearing before Administrative Law Judge (ALJ) Robert Chester on March 23, 2009, plaintiff, represented by counsel, and a vocational expert (VE) testified (Tr. 30-67). On April 16, 2009, the ALJ issued an unfavorable decision (Tr. 12-25). The Appeals Council denied Mr. Selam's request for review on October 6, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on December 3, 2009 (Ct. Rec. 1, 5).

The relevant period for appeal purposes is January 1, 2006 (amended onset date) through April 16, 2009, the date of the ALJ's decision.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 53 years old at onset (Tr. 50, 121). He has a high school education and two years of college (Tr. 51). Mr. Selam has worked as a building inspector, counselor, and substance abuse counselor (Tr. 35-36, 50). He last worked in 2003 (Tr. 34-35). Plaintiff testified he cannot work due to severe back spasms and pain (Tr. 38). Prescribed muscle relaxants make him groggy (Tr. 38). He also takes recently prescribed pain medication (Tr. 46). In the past three and a half years, plaintiff has been unable to walk on 6-7 occasions (Tr. 40), with each episode lasting 2 to 3

weeks (Tr. 40-41). He has been sober since January 2004 (Tr. 57). He lives with his mother and brother. Plaintiff occasionally cooks, sweeps, mops, does laundry, and shops (Tr. 59-60).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                - 3 -

of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then

shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v.*

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                          - 5 -

*Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through December 31, 2008, for DIB purposes (Tr. 12, 14). At the hearing plaintiff amended his onset date to January 1, 2006 (Tr. 53-54). At step one the ALJ found plaintiff did not engage in SGA after the amended onset date[1] (Tr. 14). At steps two and three, he found plaintiff suffered from the medically determinable impairments of shoulder tendinitis, status post surgery, and low back pain, impairments that are severe but that do not meet or medically equal the

---

[1] However, on January 25, 2008, Dr. Farley notes plaintiff lost his medical coupons when he began working (Tr. 614).

severity of the Listings (Tr. 14-15). The ALJ assessed an RFC for a full range of light work (Tr. 15). At step four, the ALJ found plaintiff can perform his past work as a substance abuse counselor, counselor, and building inspector (Tr. 19). Accordingly, at step four the ALJ found plaintiff was not disabled as defined by the Social Security Act (Tr. 20).

**ISSUES**

Plaintiff contends the Commissioner erred when he weighed the medical evidence (the opinion of treating doctor Mark Farley, M.D.), assessed credibility, and found plaintiff can do his past work (Ct. Rec. 24 at 4). Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 26 at 11).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's

physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995).

Six months before onset, in July 2005, Dr. Farley opined: (1) plaintiff is limited to sedentary work; (2) left shoulder osteoarthritis "very significantly" interferes with lifting, carrying, and handling, and (3) lumbar strain "significantly"

interferes with sitting, lifting, and carrying (Tr. 501). He opined plaintiff cannot perform repetitive lifting, bending, or shoulder movement. The Commissioner asserts the ALJ's reasons for rejecting Dr. Farley's opinion are specific and supported by the evidence: namely, the ALJ gave greater weight to examining doctor Sloop's opinion, objective test results, conservative treatment, Dr. Farley's contradictory treatment notes, and plaintiff's diminished credibility (Ct. Rec. 26 at 6-8). Plaintiff asserts because Dr. Farley's opinion is supported by the observations of a treating physical therapist and by Kent Bingham, D.O., the ALJ should have credited Dr. Farley's more severe limitations (Ct. Rec. 24 at 6-11).

Treating physical therapist Kristin Heimerman opined a year after onset that plaintiff does not do "much of the stretching and home exercises due to fear of aggravating his back" (Tr. 526).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 16-17). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony

as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff alleges the ALJ failed to give clear and convincing reasons for his negative credibility determination (Ct. Rec. 24 at 12-17).

Several of the ALJ's reasons include: (1) plaintiff's health problems did not appear severe enough to motivate him to follow through with treatment recommendations; (2) his complaints are unsupported by clinical findings; and (3) medical treatment has been conservative (Tr. 18).

*Lack of motivation and failing to follow treatment recommendations*. Just after onset, in January 2006, Dr. Farley told Mr. Selam if he consistently maintained his home exercise program, he would be more active and have fewer pain problems (Tr. 455). In January and February 2006 Dr. Farley opined plaintiff's low back pain is most likely due to deconditioning (Tr. 453, 455). In October 2006, he again recommended plaintiff engage in a lifelong program of back exercising to maintain strength and help prevent episodes of recurrent muscle strain (Tr. 424-425). Dr. Farley repeatedly told Mr. Selam he needed to do his home exercise program in order to improve his deconditioned state (*see e.g.*, Tr.

483-486, 595, 610). About a year after onset, in January 2007, Dr. Farley notes plaintiff has not begun recommended daily walking. Again the doctor emphasized the importance of regular walking and exercise (Tr. 481-482).

The ALJ is correct that it is difficult to accept plaintiff's assertion of disabling impairments if they were not severe enough to motivate him to follow through with treatment (Tr. 17). Failing to follow through with Dr. Farley's treatment recommendations diminishes plaintiff's credibility. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

*Objective findings*. Records in April 2006, four months after onset, show plaintiff could not remember his home exercise program and so was not doing it (Tr. 315). Examining neurologist Richard Sloop, M.D., opined in August 2006 that for a relatively healthy person, plaintiff appears to be overusing the ER. Dr. Sloop was unsure if plaintiff gave his best effort on examination (Tr. 331-332). The next month, Dr. Sloop observed plaintiff's EMG is entirely normal. He opines a lot of plaintiff's symptoms are triggered by anxiety and suggests treating anxiety and depression rather than pain complaints (Tr. 329).

In April 2007, Dr. Farley states an MRI indicates mild disk degeneration at the L4-L5 level and no significant abnormalities elsewhere (Tr. 609-610), which the ALJ notes contradicts Dr. Farley's assessed dire limitations. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

*Conservative medical treatment*. Citing *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007), the Commissioner correctly points out conservative treatment is "sufficient to discount a claimant's testimony regarding severity of an impairment." (Ct. Rec. 26 at 7). Plaintiff declined left shoulder arthroplasty in 2005 and his treatment has been conservative (Tr. 214).

The ALJ correctly relied on several factors, including a lack of supporting objective evidence, solely conservative treatment, and failure to follow through with medical treatment when he found Mr. Selam's credibility diminished (Tr. 18). Contrary to plaintiff's assertions, an error in the credibility analysis is harmless error when substantial evidence supports the ALJ's ultimate conclusion that the claimant's testimony was not credible. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-1163 (9th Cir. 2008); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec. of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). In this case, the ALJ cited several valid reasons supported by substantial evidence in the record for finding plaintiff not fully credible. *See supra*.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ gave several reasons for rejecting Dr. Farley's contradicted opinion. Dr. Farley opined in October 2006, nine months after onset, that findings "are most suggestive of recurrent muscle strain" (Tr. 425). Dr. Farley opined use of pain

medication is problematic because plaintiff apparently obtained it from both the ER and him, resulting in a positive drug screen for dilaudid (Tr. 425). Another doctor at the same clinic, Paul Monahan, M.D., notes in September 2006 plaintiff presents with exclamations of distress "with virtually any touch," says he has vicodin at home, but had not taken any. This caused Dr. Monahan to wonder why not, "considering he is in such distress?" (Tr. 427-428).

The ALJ properly relied on test results including MRI's, contrary reports from examining physician Sloop, plaintiff's sporadic complaints of back pain in the ER, and Dr. Farley's apparent uncritical acceptance of plaintiff's discredited complaints, when he rejected Dr. Farley's assessed dire limitations. *See e.g., Magallanes*, 881 F.2d at 751-752; *Andrews*, 53 F.3d at 1042-1043. To the extent the ALJ rejected Dr. Farley's opinions rendered on checkbox forms for DSHS (Tr. 18), this was proper. A check-box form is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). The ALJ's reliance on the doctor's possible sympathy for his patient (Tr. 19) while erroneous, is harmless because it did not affect the outcome of the case. Harmless errors do not change the outcome of a case and do not warrant reversal of the ALJ's decision. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3f 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F. 3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the medical evidence and plaintiff's credibility.

**B. Step four**

Plaintiff asserts the ALJ erred when he found Mr. Selam is

able to perform his past relevant work. He asserts the ALJ failed to include all of his limitations in the RFC. This argument has been addressed and found without merit.

Citing *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001), plaintiff alleges the ALJ improperly allowed the VE to perform the step four analysis "in his head" (Ct. Rec. 24 at 18-19). Plaintiff is incorrect.

The ALJ found the specific demands of plaintiff's past work as a substance abuse counselor are sedentary, but light as performed (Tr. 19). Similarly, the job of counselor is sedentary but light as performed, while the building inspector position is a light exertion job (Tr. 19). The VE testified his opinions were consistent with the DOT unless he indicated a deviation, and he did not (Tr. 61). Substantial evidence supports the ALJ's finding plaintiff is capable of light work, and capable of performing his past relevant work.

Last, plaintiff asserts the ALJ improperly divided one of Mr. Selam's past jobs (counselor) into two (counselor and building inspector)(Ct. Rec. 24 at 17-19). As support, plaintiff cites *Vertigan* v. Halter, 260 F.3d 1044, 1051-1052 (9th Cir. 2001) and *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985). The *Vertigan* court found "no substantial evidence on the record as a whole" supported the ALJ's finding that Ms. Vertigan's past relevant work included work as a cashier. *Vertigan*, 260 F.3d at 1051. *Vertigan* is inapposite to the step four finding here.

The *Valencia* court warned classifying past relevant work according to the least demanding function of the claimant's past occupation is contrary to the letter and spirit of the Social

Security Act. *Valencia*, 751 F.2d at 1086. In the present case, the ALJ and the VE did not run afoul of *Valencia*.

Two of Mr. Selam's past positions were characterized as sedentary but light as performed, the other as light. Plaintiff indicated when he worked as a counselor he spent half of his time counseling and half performing building inspector tasks. The ALJ characterized the more difficult part of plaintiff's duties (building inspector) as requiring a *higher* exertion level - light rather than sedentary. The ALJ's step four determination comports with the *Valencia* court's holding.

The VE testified a person with plaintiff's RFC could do his past relevant work. The ALJ's finding plaintiff could do the work as actually performed was supported by the evidence and free of legal error.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the evidence is fully supported by the record and free of harmful legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and

supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 23)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 27th day of January, 2011.

<u>s/ James P. Hutton</u>
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE